## STATE v. BONZA

No. 6691. Decided Augus 15, 1944. (150 P. 2d 970.)

554

See 24 C. J. S. Crimnal Law, Sec. 1941.

E. LeROY SHIELDS, of Salt Lake City, for appellant.

GROVER A. GILES, Atty. Gen., and HERBERT F. SMART, Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

Appellant was convicted of second degree burglary in the district court of Carbon County in November, 1941. He was sentenced to serve an indeterminate term in the state prison, but the court suspended the execution of sentence for a period of two years and placed him on probation upon the following conditions: (1) That he make restitution in the sum of $125 to the victims of his crime; (2) that he refrain from intoxication; (3) that he sign an agreement with the Adult Probation and Parole Board to cooperate with said board, obey its regulations and also obey the laws of the State and of the United States.

Defendant paid the $125 to the victims of his crime, but within the two year probation period an affidavit was filed in the court in which he had been convicted reciting that he had subsequently been convicted of the crime of petit larceny and also had burglarized a certain described build-

ing in Tooele County in March, 1943. He was promptly cited into court on an order to show cause why probation should not be canceled and an order of commitment issued. Following a hearing during which he objected to the introduction of evidence, the court found that he had violated the terms of his probation by commision of a burglary subsequent to the date of his conviction. Probation was revoked and he was ordered committed to prison, from which order he appeals.

Defendant's first assignment may be shortly dealt with. He assigns as error the admission in evidence of a form of agreement with the parole board for the reason such form was not competent proof that he ever signed such an agreement. Though it were error to admit ■ such exhibit in evidence, no prejudice to appellant resulted therefrom. His probation was revoked because, as the court found, he committed a burglary during the probationary period, not because he failed to sign or in respects other than the violation of the law failed to comply with such agreement.

Appellant's primary attack on the judgment of revocation is to the effect that the court erred in finding that he violated one of the conditions of probation by commission of another burglary, for the reason that he was not formally charged with such subsequent burglary in a separate proceeding nor found guilty by a jury. He contends that if he had been charged with such crime and acquitted by a jury, no basis could have existed for an order to show cause why probation should not be revoked; and that an adjudication of the claim in this proceeding that he committed another burglary is in effect the denial of a trial by jury. He argues that before he can be adjudged to have committed the subsequent burglary, he must first be formally charged in a separate and independent case. He does not go so far as to urge that if he had violated one of the probation terms or conditions by habitually indulging in intoxicants or for failure to make restitution, he would be entitled to a jury trial nor that the court would be powerless to revoke probation merely be-

cause the violation did not happen to constitute an independent criminal offense.

If the position of appellant were tenable, then probation might be revoked for some minor infraction which does not amount to a criminal offense, but if the infraction consisted of a crime for which he might be separately prosecuted, the court would be powerless to revoke probation until defenddant were first convicted of such subsequent crime. If he were not prosecuted for such subsequent crime committed in some other district, under the theory of appellant, regardless of the amount of evidence available to secure a conviction, his probation could not be revoked, and since the offense happened to have been committeed in another county the district court in which he was convicted and placed on probation would be powerless to act.

Appellant's argument disregards the plain language of the governing statute. 105-36-17, U. C. A. 1943, ▮ provides:

"Upon conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition or the execution of sentence and may place the defendant on probation for such period of time as the court shall determine. The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation. * * *"

In *State* v. *Zolantakis*, 70 Utah, 296, 259 P. 1044, 54 A. L. R. 1463, we held that the purpose of this statute is to provide opportunity for reformation. When execution of sentence has been suspended during good behavior, no commitment may issue without a proper determination by such court that there has been a lack of good behavior so as to warrant revocation. The defendant must be given an opportunity to be heard. The probation or suspension may not be revoked arbitrarily nor capriciously, but only for cause shown, and such cause for revocation must constitute a violation of the terms and conditions of probation or suspension of execution of sentence. As long as the defendant to whom leniency has been extended keeps faith with the court and

the agency which supervises his probation, he is entitled to the benefits of the probation or suspension.

However, it must be borne in mind that the proceeding for revocation of probation is not a criminal prosecution. Though the ground for revocation be the commission of another crime, defendant is not convicted thereof so that punishment may be imposed in such proceeding for the subsequent offense. He is not placed in jeopardy as to such offense. The cause of revocation need not constitute a crime, so that conviction of some subsequent offense is not essential. The question to be determined is whether the defendant's conduct subsequent to sentence was in violation of the conditions imposed by the court for a continuance of his probation.

Where the commission of a subsequent offense is made the basis of an application for termination of probation, and a complaint or information has been lodged charging probationer with its commission, action by the probation court may well abide the determin- of his guilt or innocence in the court before which the prosecution is conducted. But where no such criminal prosecution is instituted, the probation court, for the purposes of the proceeding before it, may determine the truth or falsity of the facts alleged, as constituting parole violation; though they aver the commission of a crime, in the same manner as it might inquire into and determine the fact relative to an alleged violation not involving criminality.

No rights of the defendant are thereby infringed. When placed on probation a condition among others was imposed that he not violate the law—not that he avoid conviction therefor. And there is nothing in the statute which precludes the court—at least in the absence of a pending criminal prosecution therefor—from determining the question of whether he did violate the law and hence failed to comply with a condition of probation. Nor, for reasons stated, does such determination infringe upon due process.

A defendant out of prison on probation is accorded due process of law by the following steps, all of which were followed in this case: (1) The filing of a verified statement or an affidavit in the case setting forth facts which show a violation of the terms of probation. (2) The issuance of an order to show cause and citation thereon requiring the defendant to appear and show cause why probation should not be revoked, apprising defendant of the ground or grounds on which revocation is sought, and specifying a proper time for hearing. (3) A hearing before the court on the question of violation of some term or condition of probation, at which the defendant has the opportunity to cross-examine witnesses against him and also to present evidence to refute the claimed violation of the conditions of probation. (4) A determination of the question, followed by entry of an appropriate order. *State* v. *Zolantakis*, supra.

In this case defendant does not show how or in what manner the court in the conduct of the hearing acted either arbitrarily or capriciously. The contention that the owner of the premises which the court found that he burglarized in March 1943 was misnamed, is wholly immaterial; since all the court needed to do was to find that he had done some act or acts which violated the terms and conditions of probation, irrespective of whether he might be prosecuted therefor under the criminal code. The record justifies the order of the lower court revoking probation. The judgment is affirmed.

WOLFE, C. J., and LARSON, WADE and TURNER, JJ., concur.