THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD L. SWANKS, Defendant-Appellant.

(No. 13082; )

Fourth District—December 24, 1975.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant entered a plea of guilty to one count of aggravated battery in 1974. Other charges were dismissed and defendant was placed on probation for a term of 3 years. In September 1974, the defendant was arrested for driving while his driver's license was suspended and for driving without permission of the probation officer. At the time of hearing on a petition to revoke probation and in connection with a motion to suppress, the trial court found that the defendant was stopped without probable cause and suppressed the evidence of defendant's arrest for the purposes of prosecution on the charge of driving on a suspended license. Ultimately, the defendant's probation was revoked; he was sentenced to not less than 1 nor more than 10 years in the Illinois State Penitentiary. This appeal is from the revocation of probation.

The sole question raised by this appeal is whether the exclusionary rule should apply in probation revocation proceedings.

In *People v. Dowery*, 62 Ill.2d 200, 340 N.E.2d 529, the supreme court discussed such issue and concluded that the exclusionary rule would not be held applicable to probation revocation proceedings. The court there held that the defendant was afforded a remedy when the evidence wrongfully or illegally obtained was suppressed at the criminal proceeding.

The sole issue in this case is disposed of by the opinion in *Dowery;* and under the compulsion of that case, the judgment of the circuit court of Macon County is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.