Argued June 21, reversed and remanded for
resentencing August 27, 1979

STATE OF OREGON,
*Respondent,*
*v.*
THOMAS CLAYTON RAY,
*Appellant.*

(No. 37098, CA 13006)

598 P2d 1293

David E. Groom, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender's office, Salem.

Melinda L. Bruce, Salem, argued the cause for respondent. With her on the brief was James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, Salem.

Before Schwab, C.J., and Lee, Gillette, and Campbell, Judges.

GILLETTE, J.

**GILLETTE, J.**

Defendant pled guilty in July, 1976, to a charge of burglary in the second degree. He was placed on three years' probation. In December, 1978, defendant's probation was revoked after a show cause hearing. At the hearing, the state offered evidence of other, later criminal activity by defendant. The evidence had been seized pursuant to a warrant which the state concedes was invalid. Defendant's motion to suppress that evidence was denied, and he appeals.

Since defendant filed his appeal, the Oregon Supreme Court has decided *State v Nettles,* 37 Or 511, 588 P2d 688 (1979). The court there held that, at least absent special circumstances not present in that case or this one, evidence seized in violation of a probationer's constitutional rights could nonetheless be used in probation revocation proceedings. *Nettles* is in point here. There was no error.

Defendant's second assignment relates to the trial court's failure to order a presentence investigation prior to sentencing. The state concedes error. *See State v. Gale,* 35 Or App 3, 580 P2d 1036 (1978).

Reversed and remanded for resentencing.