The STATE of Utah, Plaintiff and Respondent,

v.

Marc R. COWDELL, Defendant and Appellant.

No. 16761.

Supreme Court of Utah.

Feb. 24, 1981.

Bruce C. Lubeck, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant appeals an order revoking his probation and ordering him committed to serve a one-year sentence for a theft conviction. Defendant contends that the lower court's acceptance of and reliance on police reports received prior to the revocation hearing, without defendant's knowledge, resulted in an unfair hearing. He also challenges the trial court's reliance on a report of prior probation violations, not mentioned in the order to show cause, without giving him the chance to rebut such charges. In addition defendant claims that the notice he received of the ground on which revocation was sought was inadequate because of a failure to state the time of the alleged robbery.

On May 4, 1979, defendant pleaded guilty to a third-degree felony offense of theft. Upon being sentenced to one year in the Salt Lake County jail for an offense in the next lower degree pursuant to § 76–3–402, Utah Code Ann., (1953), as amended, he was granted a stay of execution and was placed on probation for one year. On October 31, 1979, an agent for the adult probation and parole department filed an affidavit with the court alleging that defendant had violated the conditions of his probation by committing the crime of aggravated robbery. The court issued an order to show cause why defendant's probation should not be revoked and caused the order and affidavit to be served on the defendant while in jail.

A hearing was held November 1, 1979. Defendant, represented by counsel, denied the allegations contained in the affidavit. A further hearing was set for November 8, 1979. The State presented a witness who identified defendant as the robber. Defendant presented a probation officer who testified that he had given the court copies of a police report and an incident report prior to the hearing. The report showed that the defendant had been convicted of driving under the influence of alcohol in violation of his probation.

The decision of a trial court to modify or revoke a probation is basically a discretionary matter, § 77–18–1, U.C.A., (1953), as amended. Nevertheless, in revoking a probation, a court may not ignore fundamental precepts of fairness protected by the due process clause. This Court in *State v. Bonza*, 106 Utah 553, 150 P.2d 970 (1944), and more recently, the United States Supreme Court in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), have held that a probationer is entitled to written notice of the ground or grounds on which revocation is sought. The order to show cause in this case claimed only one ground—the commission of an aggravated robbery. But the transcript of the probation revocation hearing reveals that the court relied solely on another ground in revoking the probation:

THE COURT: Well, let me set the matter at rest as far as the Court is concerned.

\*     \*     \*     \*     \*     \*

As far as the police report which indicates the substance of the arrest and the booking for the charge of Aggravated Robbery, it had no influence in the Court's determination. Prior sentence of the DUI September the 2nd of 1979 which occurred after the probation for which I gave this defendant a break is grounds on which I can revoke his probation. That sentence has been imposed. Probation has been revoked by my Order.

 The ground relied on—the conviction for driving under the influence of alcohol—was not mentioned in the order to show cause. This was a clear violation of even the limited procedural rights afforded a probationer in protecting his restricted, though nonetheless valuable, right to personal liberty. See *State v. Bonza, supra; Gagnon v. Scarpelli, supra.* See also *State v. Zolantakis*, 70 Utah 296, 259 P. 1044 (1927). Lack of notice of the reason for which a person might be deprived of liberty completely denies that person the right to prepare a defense and effectively destroys the value of any defense that is available.

The right of notice to which a probationer was entitled was not accorded the defendant in the instant case. The error was prejudicial and requires reversal of the revocation order and a remand.

Defendant's additional claim, that the notice given of the alleged robbery as grounds for revocation is inadequate for failure to state the time of the occurrence, is not without merit. We recognize that a pleading in a criminal case may not be defective for failure to allege the time a particular offense occurred, § 77–35–4, Utah Code Ann. (1953), as amended, but the instant proceeding is distinguishable. Prior to a determination of guilt or innocence at trial, a defendant can ascertain the details of the criminal charge at preliminary hearing and through discovery techniques so as to be able to prepare a proper defense. Here, however, defendant had not been formally charged with an offense prior to the hearing and had no preliminary hearing,

discovery, or trial of the issue. According to *State v. Bonza*, a probationer is entitled to an opportunity to present evidence to refute the claimed violation of probation. Yet, without being informed of the time of the occurrence of the alleged crime, a crime which defendant denies having committed, he may well have been seriously prejudiced in his efforts to present controverting evidence.

The order of revocation is reversed, and the matter is remanded to the district court for proceedings not inconsistent herewith.

No costs.

MAUGHAN, C. J., and HALL and WILKINS,* JJ., concur.

CROCKETT, J., heard the arguments but does not participate herein.

---

* WILKINS, J., acted on this case prior to his resignation.