STATE of Utah, Plaintiff and
Respondent,

v.

John Shepard DAVIS, Defendant
and Appellant.

No. 20996.

Supreme Court of Utah.

June 27, 1986.

---

John Shepard Davis, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from various post-conviction orders of the district court, including the denial of a motion for a new trial.

In 1982, defendant was found guilty of theft, a third degree felony, in violation of U.C.A., 1953, § 76-6-404. He appealed and argued, inter alia, that the trial court erroneously permitted part of a written deposition to be taken into the jury room. In *State v. Davis,* 689 P.2d 5 (Utah 1984), this Court affirmed the conviction and ruled that defendant was precluded from asserting the error on appeal in view of his failure to make a seasonable objection at trial.

After defendant's petition for rehearing was denied by this Court and the case was remitted to the district court, defendant filed an amended motion for a new trial based on the jury's access to the written deposition. The trial court denied this motion on the ground that it was not timely. Defendant appeals this ruling, alleging that he has now made a proper challenge to the error in district court. For the same reason that the issue was deemed waived on direct appeal (i.e., failure to make a proper and seasonable objection), the trial court properly denied defendant's motion for a new trial.

Defendant also requests that the sentencing orders be declared invalid and that the case be remanded for resentencing. However questionable the procedures employed in entering the formal order of sentence, the matter is now moot since defendant has served his sentence and has received a formal termination of probation. As stated in *Spain v. Stewart,* 639 P.2d 166, 168 (Utah 1981), "Where the requested judicial relief can no longer affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits." The exception alluded to is where there is a continuing and recurring controversy but, because of the short time period for adjudication, appellate review of the issue is effectively denied. *Wickham v. Fisher,* 629 P.2d 896 (Utah 1981). That is not the situation in the instant case. Since all questions raised as to sentencing orders are now moot, we will not address the merits of defendant's arguments.

■ As a separate point on appeal, defendant contends that the court's order of restitution was invalid due to irregularities before and during the restitution hearing. The record contains no formal order of restitution. The only record of that proceeding is an unsigned minute entry which is not appealable. *South Salt Lake v. Burton*, 33 Utah Adv.Rep. 27 (1986).

The issues raised in defendant's amended motion for a new trial were addressed in the direct appeal, and we affirm the trial court's denial of that motion. We decline to address any of the remaining issues (as to sentencing and restitution), since those issues are not properly before the Court.

*So ordered.*