Dale L. TERRY and Barbara H. Terry, individuals, Plaintiffs and Appellants,

v.

PRICE MUNICIPAL CORPORATION, a Utah corporation, Defendant and Appellee.

No. 870445.

Supreme Court of Utah.

Dec. 1, 1989.

Duane R. Smith, Salt Lake City, for plaintiffs and appellants.

Joane Pappas White, Price, for defendant and appellee.

PER CURIAM:

Plaintiffs appeal from portions of a judgment following a bench trial on their action against Price City which disputed the alignment and construction of 300 North and Cedar Hills Drive in Price City, Utah. To the extent pertinent to this appeal, the trial court found that (1) Price City was not estopped from placing its right-of-way along Cedar Hills Drive within ten to fifteen feet from the foundation of plaintiffs' home, (2) plaintiffs had trespassed upon that right-of-way and were liable for resulting damages, and (3) plaintiffs had failed to present a prima facie case that the easement they granted Price City adjacent to 300 North was terminable as alleged by plaintiffs. Those findings form the basis for this appeal. We affirm the trial court's judgment in all respects.

The nature of the trial court's disposition of the case designates the manner in which we state the facts on appeal. *Branam v. Provo School Dist.*, 780 P.2d 810 (Utah 1989). "[T]he burden [on appellants] of overturning factual findings is a heavy one, reflective of the fact that we do not sit to retry cases submitted on disputed facts." *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989). We give great deference to the trial court's findings, especially when they are based on an evaluation of conflicting live testimony. *Id.* "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness." Utah R.Civ.P. 52(a). "This 'clearly erroneous' standard applies whether the case is characterized as one in equity or one in law." *Reid v. Mutual of Omaha Ins. Co.*, 776 P.2d 896 (Utah 1989).

We set out the facts in some detail, because plaintiffs challenge the trial court's factual findings but our review of the facts is undertaken in a light most favorable to those findings.

In 1977, plaintiffs purchased a 27–acre parcel of land adjacent to Cedar Hills Drive. Their warranty deed was subject to a right-of-way in Price City, and their title insurance contained a reference to an 80–foot right-of-way for Cedar Hills Drive that traversed the entire length of their property. Plaintiffs eventually placed their prefabricated home and dental office on a foundation constructed on that property, and Dale Terry acted as his own general contractor. Cedar Hills Drive was a limited access road, prohibiting plaintiffs from access to that street from their home. They therefore dedicated a 30–by 169.45–foot strip along their northern boundary to the city, a street now known as 300 North. Prior to constructing their home, Dale Terry asked John Huefner, then acting Price City engineer, to establish the setback distance from both Cedar Hills Drive and 300 North to the foundation of plaintiffs' home. Huefner accommodated plaintiffs but did so on his own time and not in his official capacity, which did not include those duties. Plaintiffs paid Huefner $25 for his services. He placed stakes 30 feet from what he perceived to be the right-of-way line of both streets. A Price City ordinance required a setback of at least 30 feet. Plaintiffs built their home and office behind the stakes.

Subsequently, plaintiffs and Price City had a dispute over the location, construction, and elevation of 300 North. It appeared that the road was actually built on property not belonging to plaintiffs and that plaintiffs' planned access was so steep as to render ingress and egress virtually impossible. In settlement of their dispute, Price City reconveyed the previously dedicated road to plaintiffs by quitclaim deed, but retained a 14–foot easement over the strip for the roadway of 300 North.

Plaintiffs were also allowed to access Cedar Hills Drive and, in conjunction with building plans for that access, applied to the board of adjustment for a variance allowing them to build a 6–foot fence around their property, where only 4–foot fences were allowed by ordinance. Price City objected, and the matter was referred to the city council. In anticipation of the

city council's inspection of plaintiffs' proposed fence, city engineer Gary Sonntag, with two days' notice, placed stakes along the west edge of Price City's right-of-way to give the city council an idea of the approximate location of the fence. Although plaintiffs disputed his testimony, Sonntag testified that he used a drawing submitted by plaintiffs with their fence application to locate the stakes at a distance of 31 feet from what plaintiffs showed as the foundation of their home. Plaintiffs also, around the same time, began construction of a driveway between Cedar Hills Drive and their home. Although various city employees observed the construction of plaintiffs' driveway, these employees were unaware of the exact location of the west boundary of the right-of-way at that time and had no duty to object to the construction.

Between the commencement of construction of their home and office in 1977 and the fall of 1984, plaintiffs did not obtain or request a survey of their property to determine the exact boundary of the right-of-way. Price City did not know the exact boundary of the west side of Cedar Hills Drive as it traversed plaintiffs' property until it had a survey completed in the late fall of 1984 in response to development activities by several developers in the area. At that time, Price City learned that the right-of-way was within 10 to 15 feet of the foundation of plaintiffs' home and that the driveway and retaining walls, as well as the trenches dug for the proposed fence, were on city property. Price City therefore notified plaintiffs of the encroachments and issued a stop-work order. This action ensued.

Plaintiffs assail the trial court's judgment in the following particulars:

(1) The doctrine of estoppel bars Price City from claiming the right-of-way along Cedar Hills Drive to be closer than 31 feet from their home.

(2) The entry of judgment against plaintiffs for trespass is clearly erroneous.

(3) The reservation of the 14–foot easement adjacent to 300 North should terminate.

■ In response to plaintiffs' first point on appeal, it should be noted that estoppel presents a question of fact, *Forsman v. Forsman*, 779 P.2d 218 (Utah 1989), and that it was incumbent upon plaintiffs to prove that (1) statements made by Price City were inconsistent with claims later made by it; (2) plaintiffs took reasonable action in reliance on those statements by Price City, and (3) plaintiffs would be injured if Price City were allowed to repudiate its statement. *See generally CECO Corp. v. Concrete Specialists*, 772 P.2d 967 (Utah 1989); *Rothey v. Walker Bank and Trust Co.*, 754 P.2d 1222 (Utah 1988). The trial court found that Price City did not make representations to plaintiffs about the exact location of the right-of-way. On appeal, plaintiffs have not marshaled all of the evidence supporting the findings and then demonstrated that the evidence was legally insufficient to support the findings in a light most favorable to the trial court as required by Rule of Civil Procedures 52(a). *Reid v. Mutual of Omaha Ins. Co.*, 776 P.2d at 899. Plaintiffs have lifted from the record merely those portions of the evidence that best suit their own views but have ignored considerable evidence to the contrary. We therefore hold that there was legal sufficiency for the trial court's findings and affirm the trial court's ruling that Price City was not estopped from enforcing the boundaries of its 80–foot right-of-way as dedicated along Cedar Hills Drive.[1]

With respect to their second point on appeal, plaintiffs concede that the trial court's ruling granting Price City judgment for trespass was a natural outgrowth of the finding that Price City was not estopped from claiming its 80–foot right-of-way. The trial court found that plaintiffs

---

1. We do not decide whether estoppel against Price City as a governmental entity may be raised, inasmuch as under the circumstances of this case the elements of estoppel have not been met in any event. *See generally Utah State University v. Sutro & Co.*, 646 P.2d 715, 718–20 (Utah 1982).

had trespassed upon Price City's reserved easement and right-of-way on 300 North and Cedar Hills Drive, respectively. Plaintiffs point to nothing in the record to overcome their heavy burden of proving the legal insufficiency of those findings, and that portion of the judgment is likewise affirmed.

The cost of removal of plaintiffs' encroachments onto the right-of-way, according to testimony offered by Price City at trial, was approximately $7,700 and needed to be expended to restore Price City's right-of-way and to fill and restore the roadway where trenches for the proposed fence had been dug. Nowhere in the eight volumes of trial transcripts do plaintiffs contradict the amount of estimated costs of removing the encroaching improvements, and the damage award is therefore also affirmed.

Finally, plaintiffs claim that the 14–foot easement abutting 300 North should be terminated, since plaintiffs, with the consent of Price City, filled in the slope that constitutes the easement. According to plaintiffs, the intent of both parties was to retain that easement for purposes of maintenance of the slope, and the need for that maintenance has now disappeared.

In the absence of ambiguity, construction of a deed is a question of law, and this Court is not bound by the trial court's determination. *Cornish Town v. Koller,* 758 P.2d 919 (Utah 1988). The quitclaim deed from Price City to plaintiff states in pertinent part:

> Subject however to a reservation by the grantors herein of a right-of-way in perpetuity over the north 14 feet of the above described property to be used as a public street, roadway, and thoroughfare, with the right to maintain, replace and repair said street along its present alignment.

The trial court found that the easement was reserved to allow Price City to maintain a public street and that plaintiffs had failed to establish any other purpose. Since the very language of the reservation

supports that intent, we cannot say that the trial court was clearly erroneous.

Affirmed.