STATE of Utah, Plaintiff and Appellee,

v.

Rex RAWLINGS, Defendant and Appellant.

No. 910042–CA.

Court of Appeals of Utah.

March 27, 1992.

---

Randall T. Gaither, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Judith S.H. Atherton, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Rex Rawlings, comes to this court on two related appeals. The first is an appeal from the district court's order revoking defendant's probation and committing him to the Utah State Prison to serve a previously imposed sentence of five years to life. The second appeal is from the district court's order in a habeas corpus petition which raised issues similar to those in the direct appeal. The two appeals were consolidated. We affirm the court's denial of the habeas corpus petition and remand for further proceedings in the probation revocation matter.

## FACTS

On October 11, 1985, defendant pled guilty to a single count of attempted sodomy upon a child in violation of Utah Code Ann. § 76–5–403.1 (Supp.1985). Defendant was sentenced on November 6, 1985 to a term of five years to life. Execution of his sentence was suspended, and defendant was placed on eighteen months probation. One of the conditions of defendant's probation was that he enter and complete the long-term sex offender program at the Utah State Hospital. If he failed to complete the program, the prison sentence would be executed. Defendant signed an agreement with Adult Probation & Parole (AP & P) on January 9, 1986 containing the condition that he "complete [the] sex offender program."

Approximately seventeen months after imposition of probation, defendant's probation was purportedly extended for an additional eighteen months. The extension proceedings were instigated by a letter from AP & P stating that defendant "has progressed favorably in the program, but he needs to continue in treatment."

Probation was extended pursuant to an unsigned minute entry dated April 17, 1987 entitled "Probation Extended." The record is absent of any notice to defendant requiring him to appear and apprising him of the hearing's purpose. Defendant was neither present in court nor represented by counsel. The minute entry ends with the sentence: "Later, Defendant appeared and concurred with the Court's order."

Sherry Ragan was defendant's attorney of record at trial and sentencing. Nevertheless, the unsigned minute entry indicates that Ms. Ragan appeared as counsel for the State at the probation extension hearing. There is nothing in the record to indicate Ms. Ragan's withdrawal as defendant's counsel. According to defendant, Ms. Ragan told him after the hearing that his probation had been extended. She failed to tell him she now represented the State rather than him.

Subsequently, defendant appeared before the court on two occasions, and his progress in the sex offender program was discussed with the court.

On March 15, 1988, AP & P sent a letter to the court reporting that defendant was uncooperative and disruptive to their program. They recommended his removal from the Utah State Hospital Sex Offender Program and placement in the Utah State Prison. As a result, defendant was noti-

fied that a probation revocation hearing would be held on June 3, 1988.

Both the State and defendant presented evidence and called witnesses at the revocation hearing. Defendant was present with counsel. The hearing was continued in order for defendant's counsel to ascertain whether the Bonneville Sex Offender Program would present a probation alternative for defendant. Defendant was denied admission into the Bonneville program. The court then found that defendant had failed the Utah State Hospital Sex Offender Program and revoked his probation.[1] The original sentence of five years to life was imposed.

On January 2, 1990, defendant apparently filed a petition for habeas corpus and post conviction relief in the third district court. According to a purported copy of the findings of fact, conclusions of law and order of the fourth district court, appended to defendant's brief, the third district court found that "petitioner was not afforded his right to appeal the probation revocation order" and referred the matter back to the sentencing court in the fourth district for resentencing. According to defendant's brief, the third district court later ordered a change of venue to the fourth district on remaining issues in the habeas corpus petition, and the fourth district court denied the petition.

Prior to resentencing, defendant filed motions to arrest judgment and for a new trial in the fourth district court and requested an evidentiary hearing. The court denied defendant's motions and resentenced him pursuant to the order from the third district court.

## ISSUES

In this consolidated appeal, defendant raises the following issues: Did the trial court err by: (1) denying the petition for habeas corpus after the change of venue order; (2) denying defendant's post-conviction motions for a new trial and arrest of

judgment; and (3) revoking defendant's probation? Defendant claims his probation revocation was error because of the procedural defects in his probation extension proceedings, insufficient findings and evidence in the revocation hearing, and ineffective assistance of counsel during the revocation proceedings.

## STANDARD OF REVIEW

We will not disturb a trial court's factual determinations unless such findings are deemed clearly erroneous. *State v. Taylor*, 818 P.2d 561, 565 (Utah App.1991); *State v. Martinez*, 811 P.2d 205, 208 (Utah App.1991). However, a trial court's conclusions of law which arise from its factual findings are reviewed for correctness and afforded no deference. *Id.*

"The decision to grant, modify, or revoke probation is in the discretion of the trial court." *State v. Jameson*, 800 P.2d 798, 804 (Utah 1990); *see also State v. Cowdell*, 626 P.2d 487, 488 (Utah 1981). In order to prevail, an appellant "must show that the evidence of a probation violation, viewed in a light most favorable to the trial court's findings, is so deficient that the trial court abused its discretion in revoking [appellant's] probation." *State v. Archuleta*, 812 P.2d 80, 82 (Utah 1991) (quoting *Jameson*, 800 P.2d at 804).

## ANALYSIS

### Denial of Petition for Habeas Corpus

Defendant contends the district court should have ruled on all of the issues raised in his habeas corpus petition, rather than only resentencing him. Defendant, however, has failed to provide any record of the habeas corpus proceedings to this court on appeal, as required by Rule 11 of the Utah Rules of Appellate Procedure.[2] In the absence of an adequate record on appeal, we cannot address the issues raised and presume the correctness of the disposi-

---

1. The trial court's sole finding of fact in the revocation order was that defendant had failed to complete the sex offender program.

2. Defendant did include copies of the court's orders on the petition in his briefs' addenda, but that does not comply with the rule, and is incomplete in any event.

tion made by the trial court. *State v. Cash*, 727 P.2d 218 (Utah 1986); *Sampson v. Richins*, 770 P.2d 998, 1002 (Utah App.), *cert. denied*, 776 P.2d 916 (Utah 1989). Moreover, defendant has raised in the direct appeal of his probation revocation now before us, all material issues he addressed in the habeas corpus petition. For these reasons, we affirm the denial of defendant's petition for habeas corpus and post-conviction relief.

## Probation Revocation

■ Defendant contends that numerous procedural errors occurred during the proceedings to extend probation beyond the original eighteen months.[3] One of those errors is the lack of an order signed by the court, the record containing only an unsigned minute entry. The Utah Supreme Court has declared on numerous occasions that an unsigned minute entry is not a final judgment for purposes of appeal. *Gallardo v. Bolinder*, 800 P.2d 816, 817 (Utah 1990) (per curiam); *State v. Davis*, 721 P.2d 894, 896 (Utah 1986) (per curiam); *South Salt Lake v. Burton*, 718 P.2d 405, 406 (Utah 1986) (per curiam); *Wilson v. Manning*, 645 P.2d 655, 655 (Utah 1982) (per curiam). Absent a final order, the appellate courts lack jurisdiction to consider an appeal, necessitating dismissal. *Gallardo*, 800 P.2d at 817. In *Burton*, the court also stated that an unsigned minute entry is unenforceable. *Burton*, 718 P.2d at 406. Consistent with the cases cited, we conclude we lack jurisdiction to consider the issue of defendant's probation extension.

That conclusion affects our ability to consider other issues raised concerning the probation revocation itself. Defendant claims that the trial court had no jurisdiction to revoke probation because probation was not properly extended and therefore terminated by its original term after eighteen months. Defendant relies on *State v. Green*, 757 P.2d 462, 464 (Utah 1988), which held that probation could not be revoked after expiration of its term, even if the probation violation occurred during the probation period. That holding was distinguished, however, in *Jameson*, 800 P.2d at 803–04 (Utah 1990), which held that so long as the probation revocation proceedings were initiated during the probation term, the court retained jurisdiction, even when the revocation proceedings concluded after the end of the probation term. That reasoning ought to apply in a similar manner to probation extension proceedings. In this case, the extension proceedings commenced prior to termination of the original eighteen month term, thus giving the court jurisdiction over defendant until conclusion of those proceedings. Without a proper order concluding the extension proceedings, however, we cannot say whether or not the court had the power, ultimately, to revoke defendant's probation.

In *Jameson*, the court stated that "procedural defects in a revocation hearing ... do not act as a bar to further hearings; rather, it is by rehearing the issues, under correct procedures, that the original defects are cured." *Id.* at 802. Jameson obtained a new probation revocation hearing after the State conceded in post-conviction proceedings that mistakes had occurred in an earlier hearing. Remand for further proceedings is also the appropriate remedy in this case. Those proceedings should address the trial court's jurisdiction to revoke probation and if defendant wishes, allow presentation of evidence on the extension proceedings.[4]

We sympathize with defendant's frustration at discovering only well after his probation was revoked, the alleged irregularities which took place when probation was extended. He then tried to raise those errors in the habeas corpus petition, his

---

3. Utah Code Ann. § 77–18–1(10)(c) (Supp.1985), in effect at the time in question, allowed the court to extend probation for an additional term of eighteen months after a hearing. "The reasons for the extension ... shall be made part of the court record." *Utah Code Ann.* § 77–18–1(10)(c) (Supp.1985).

4. *Those proceedings would presumably address whether defendant had proper notice of the probation extension hearing and if not, the legal effect of such failure.*

motion for a new trial or arrest of judgment after sentencing, and again, on appeal. We are loath to again avoid the issue, by simply holding that we lack jurisdiction to consider it, when the absence of a final appealable order was through no fault of defendant. We therefore find it appropriate to allow defendant to develop a factual record on remand concerning the extension proceedings.

Because of our decision to remand and lack of jurisdiction on the probation extension issue, we believe it would be premature to address defendant's remaining arguments regarding the probation revocation—namely lack of adequate findings, insufficient evidence, and ineffective assistance of counsel.

### Denial of Motions for New Trial and Arrest of Judgment

■ Defendant further challenges the trial court's refusal to consider his motions for arrest of judgment and for a new trial at the time he was resentenced pursuant to the habeas corpus order. While our remand will at least partially resolve that contention, it merits our attention.[5]

The district court relied upon the case of *State v. Johnson*, 635 P.2d 36, 38 (Utah 1981) in limiting its action to resentencing defendant. *Johnson* held that where a defendant is denied his or her right to a timely appeal, the defendant shall be resentenced nunc pro tunc so as to afford an opportunity of prosecuting and perfecting an appeal. *Id.* at 38 (citing *People v. Callaway*, 24 N.Y.2d 127, 299 N.Y.S.2d 154, 155–56, 247 N.E.2d 128, 130 (1969)). The State argues that *Johnson* is limited to providing a means of appeal from a criminal conviction when a defendant was wrongfully denied an opportunity to exercise his or her appeal rights.

Defendant's motions to arrest judgment and for a new trial sought an evidentiary hearing and argued that his probation had

expired by operation of statute eighteen months after sentence was imposed and that he was denied the effective assistance of counsel in his probation revocation proceedings.

The State reads *Johnson* too narrowly. When resentencing takes place to allow a first right of appeal, as set forth in *Johnson*, this should not rule out the procedural possibility that post-conviction motions may be appropriately heard in the sentencing court. The court will then have an opportunity to rectify mistakes, if it is persuaded such occurred, at the trial level. Disposition of those matters can then be raised by direct appeal, avoiding later collateral attacks. This promotes judicial economy and is consistent with Utah law which favors raising issues on direct appeal rather than through post-conviction habeas corpus proceedings. *Porter v. Cook*, 747 P.2d 1031, 1032 (Utah 1987); *Codiana v. Morris*, 660 P.2d 1101, 1104 (Utah 1983). The posture of these two consolidated appeals provides a good example of the potential duplication and confusion which may otherwise result.

### CONCLUSION

Accordingly, we affirm the district court's ruling on defendant's petition for habeas corpus limiting relief to resentencing defendant to afford him a timely appeal. We remand the probation revocation order for proceedings consistent with this opinion.

ORME, J., concur.

BENCH, Presiding Judge (concurring in part and dissenting in part):

I concur in affirming the denial of the extraordinary writ because of Rawlings's failure to provide a record as required by rule 11 of the Utah Rules of Appellate Procedure. I also concur that due to the lack of a final appealable order extending Rawlings's probation, this court is without jurisdiction to consider the direct appeal.

---

5. Since disposition of these motions was based on the trial court's understanding of the third district court's order to resentence defendant, we disagree with our dissenting colleague who believes we lack jurisdiction to consider them.

The motions arose as a result of the habeas corpus petition and no argument is made that the court lacked jurisdiction to consider the petition.

Because the court is without jurisdiction to consider the matter, I dissent from dicta that purports to address the merits of the appeal.