Mark **PRATT**, Steve **Cook**, Dave **Davis**, Barton **Nutt**, Bill **Poulson**, Nick **Roberts**, and Leonard **Whipple**, Police Officers of Riverton, Plaintiffs and Appellants,

v.

**CITY COUNCIL OF the CITY OF RIVERTON**, and N. D. "Pete" Hayward, Defendants and Respondents.

No. 17001.

Supreme Court of Utah.

Dec. 17, 1981.

---

Plaintiffs brought this action to enjoin defendants from entering into a Law Enforcement Service Agreement ("Agreement") with Salt Lake County based upon an absence of legal capacity or authority. Under the Agreement, the County Sheriff's Department[2] would furnish police services to Riverton City on a cost-reimbursement basis resulting in the elimination of Riverton City's police department and plaintiffs' jobs.[3] As a separate count, plaintiffs contended that defendant violated the law by refusing to bargain collectively with plaintiffs' employees association, and by discriminating against plaintiff officers because of membership in that association.

After hearing arguments, the trial court granted defendant's motion to dismiss. Plaintiffs' contention that Riverton City lacked the capacity or authority to enter into the Agreement was rejected in view of the provisions of the Utah Interlocal Co-operation Act ("Act").[4] The court ruled that:

> The complaint does not state a claim upon which relief can be granted and allegations concerning right to associate or to bargain collectively do not otherwise cure that defect in the complaint.

On appeal, plaintiffs raise two arguments: (1) the Act is unconstitutional and therefore void; and (2) the Second Cause of Action adequately pleads a violation of constitutional rights and should not have been dismissed.

As to the first argument, plaintiffs contend that the Act violates Article VI, Section 28 of the Utah Constitution. Issues not raised at trial cannot be raised on appeal.[5] This general rule applies equally

Dale F. Gardiner (City Council), Stewart M. Hanson, Jr. (City Council), David R. Olsen (City Council), Salt Lake City, for defendants and respondents.

Joseph E. Tesch, Salt Lake City, for Mark Pratt, et al.

**HALL, Chief Justice:**

Plaintiff police officers and their unincorporated organization appeal the dismissal of their complaint for failure to state a claim upon which relief may be granted.[1]

1. Rule 12(b)(6), Utah Rules of Civil Procedure.

2. Defendant N. D. "Pete" Hayward is the County Sheriff. By stipulation of the parties, he was dismissed as a defendant. Hereinafter the City Council of the City of Riverton ("Riverton City") will be treated as the sole defendant.

3. Although not appearing in the record, defendant recites the following scenario after the trial court ruled against plaintiffs on March 24, 1980: The Agreement was approved by the governing bodies of Riverton City and Salt Lake County. By resolution, Riverton City's police department was eliminated and on April 15, 1980, plaintiff officers were discharged.

4. U.C.A., 1953, 11–13–1, et seq.

5. Park City Utah Corp. v. Ensign Co., Utah, 586 P.2d 446 (1978); Wagner v. Olsen, 25 Utah 2d 366, 482 P.2d 702 (1971); In re Estate of Ekker, 19 Utah 2d 414, 432 P.2d 45 (1967).

to constitutional issues,[6] with the "limited exception of where a person's liberty is at stake.[7] Inasmuch as the constitutionality of the Act was never raised at trial, plaintiffs are therefore precluded from raising it on appeal.[8]

Plaintiffs' remaining contention is that defendant has discriminated against them because of union membership in violation of Article I, Section 1 of the Utah Constitution.[9] As explained in plaintiffs' brief on appeal, the "heart of Count II" of the complaint is as follows:

> ... defendant City Council and its individual members have discriminated against plaintiff association and its members in the following fashion:
>
> (a) Although defendant City Council has agreed to meet and discuss employment matters with other of its employees, it refuses to meet with plaintiff association or its representatives concerning like matters.
>
> (b) That individual City Council members have told and implied to plaintiff association members that because of their associating together as plaintiff they will be treated by the City Council less favorably than before the formation of their association.

The general allegations are clearly insufficient to state a claim for which relief may be granted. There is no specific claim that plaintiffs were terminated by Riverton City in breach of their right to associate or that they were otherwise damaged. The allegation under subparagraph (a) suggesting that defendant has refused to bargain collectively is without merit in view of the fact that public employees in this state generally have no collective bargaining rights.[10] The allegation of subparagraph (b) implies only a threat of less favorable treatment in the future. Such does not constitute a specific claim of "substantial abridgment" of an associational freedom[11] which would preclude entry of summary dismissal.

The order of the trial court is affirmed. No costs awarded.

STEWART, HOWE and OAKS, JJ., and CHRISTINE DURHAM, District Judge, concur.

---

6. *Yates v. Vernal Family Health Center*, Utah, 617 P.2d 352 (1980); *Duignan v. United States*, 274 U.S. 195, 47 S.Ct. 566, 71 L.Ed. 996 (1927).

7. *In re Woodward*, 14 Utah 2d 336, 384 P.2d 110 (1963).

8. Defendant appropriately points out that the complaint as framed challenged the authority of Riverton City to enter into the Agreement. An attack on the validity of the contract itself would involve interests not only of Riverton City but Salt Lake County as well. Irrespective of the tardiness in raising the point, it would be highly improper for this Court to make an adverse determination against an entity who was never even made a party to the lawsuit.

9. "All men have the inherent and inalienable right ... to assemble peaceably, ...."

10. See *Westly v. Board of City Commissioners*, Utah, 573 P.2d 1279 (1978).

11. *Bates v. City of Little Rock*, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960).