**STATE of Utah, Plaintiff and Appellee,**

v.

**David L. JAMESON, Defendant and Appellant.**

No. 890293.

Supreme Court of Utah.

Oct. 22, 1990.

---

David L. Jameson, Draper, pro se.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant David L. Jameson appeals the order of the Seventh Judicial District Court, Emery County, which revoked his probation. He asserts a number of procedural and substantive deficiencies with regard to the manner in which the revocation hearings were conducted.

On November 22, 1985, defendant was charged with sexually abusing his three minor children. He entered a plea of guilty on April 1, 1986, to one count of aggravated sexual abuse of a child,[1] a first degree felony, and was sentenced on May 28, 1986, to serve five years to life in the Utah State Prison, with a minimum mandatory term of three years. The court stayed the execution of the sentence and placed defendant on probation for three years, based upon the following conditions:

1. Defendant shall execute the usual agreement with the State Corrections and comply with all terms and provisions of said agreement.

2. Defendant shall serve thirty (30) days in the Salt Lake County Jail per arrangements made between said jail and the Emery County Sheriff's Office without cost to Emery County, and defendant shall report to said facility by 2:00 p.m. on Sunday, June 1, 1986. The Salt Lake County Jail is hereby authorized to release said defendant for his employment from the hours of 7:00 a.m. through 6:00 p.m. on weekdays in order for the defendant to comply with his child support obligations.

3. During the defendant's stay in jail he shall be allowed to apply for admittance into the Fremont Community Correctional Center and to enter said facility if he is accepted by them. If the defendant is not accepted, he is to be immediately committed to the Utah State Prison for a minimum mandatory period of three (3) years.

4. The defendant shall not contact any member of his immediate family during the term of his probation without the express consent of State Corrections.

In addition, the probation agreement signed by defendant states in pertinent part: "I will comply with the following special conditions: (1) Enter into, and successfully complete Fremont Incest offender program...." Also, the minute entry for the sentencing hearing states: "If it is determined that the defendant is eligible for the treatment provided by this center, the defendant is to enter and complete the treatment as prescribed."

While serving in the Salt Lake County Jail, defendant applied for and was accepted into the Fremont Incest Offender Program. After approximately eleven months in the program, it became clear that he was not making adequate progress. On April 15, 1987, he was called before the Fremont staff for an administrative hearing to discuss his failure to progress through the program. As a result of the administrative hearing, the Fremont Center afforded defendant sixty days to show progress. Defendant was subsequently removed from the program for his failure to cooperate in the prescribed therapy.

Based upon a motion and affidavit filed by the prosecutor's office, an arrest warrant for defendant was issued. The basis for the warrant was that Jameson had failed to successfully complete the Fremont Incest Offender Program as a condition of probation.

A probation revocation hearing was held on June 23, 1987, whereupon the trial court revoked defendant's probation and committed him to the Utah State Prison. He has

---

1. Utah Code Ann. § 76–5–404.1(3) (Supp.1985).

remained in the Utah State Prison since that revocation hearing. Defendant filed a motion to reconsider the revocation on October 21, 1987. The motion was dismissed as untimely on March 10, 1988.

On November 28, 1988, defendant sought post-conviction relief in the Third Judicial District Court of Salt Lake County. On February 22, 1989, the State conceded that certain procedural errors had occurred in the June 23, 1987 revocation hearing which constitute a denial of due process. As a consequence, the Third Judicial District Court referred the matter to the Seventh Judicial District Court for further proceedings.

On April 11, 1989, the Emery County Attorney filed an affidavit and a motion for an order to show cause why defendant should not be held in contempt for violating the terms of his probation. Judge Bunnell signed the order to show cause based upon his finding that probable cause existed to believe that Jameson had violated his parole. A hearing was set for May 2, 1989.

At the May 2, 1989 hearing, the court appointed counsel for defendant, denied bail, and continued the matter to allow defendant an opportunity to prepare for an evidentiary hearing. The second probation revocation hearing was held on June 6, 1989, wherein the State presented two witnesses who testified to defendant's failure to cooperate with his therapist and his failure to successfully complete the Incest Offender Program. Defendant testified that he had refused some parts of the therapy because it required him to reenact the sexual molestation on anatomically correct dolls. The State also presented evidence that the program's therapy was similar to that in other programs and was recognized and accepted throughout the country.

Prior to the presentation of the evidence, defendant moved to dismiss on the grounds that the statutory period for probation had automatically terminated and that the procedural errors in the first hearing barred

the second hearing. Judge Bunnell denied this motion and found that defendant had violated the terms of his probation by refusing to participate and cooperate in the Incest Offender Program. Consequently, Judge Bunnell committed defendant to the Utah State Prison to serve his original sentence. Defendant was given credit for time served when in the Fremont treatment program and for his incarceration prior to his second revocation hearing.

Defendant raises several claims of error. The issues presented on appeal, however, can be categorized as follows: (1) What issues are properly before this court? (2) Was the second revocation hearing barred by the procedural defects in the first hearing? (3) Was defendant's probation properly revoked after the second hearing?

In determining what issues are properly before this court, it is important to note that a number of defendant's claims were not raised in the proceedings below. The general rule is that, outside exceptional circumstances, an appellate court will not hear issues raised for the first time on appeal.[2] This rule applies to constitutional issues unless a person's liberty is at stake.[3]

A number of defendant's claims were raised for the first time on appeal. One such claim is his argument that Judge Bunnell's original judgment, regarding the terms of probation, should be read as requiring defendant to enter the Fremont program as opposed to requiring him to enter and successfully complete the program. In addition, defendant argues that the original judgment should be read as sentencing him to a maximum term of three years in prison, in which case he would have completed his sentence prior to the June 6, 1989 hearing. However, defendant had an opportunity to raise these claims at the June 6, 1989 revocation hearing, either by motion or by objecting to the imposition of his sentence. His failure to raise those issues at that time constitutes waiver.[4]

---

2. *State v. Steggell,* 660 P.2d 252, 254 (Utah 1983).

3. *Pratt v. City Council of Riverton,* 639 P.2d 172, 173–74 (Utah 1981).

4. This court has in the past applied the rule against considering issues for the first time on appeal to post-trial sentencing hearings. *See*

Defendant also raises a vague claim of error concerning the February 22, 1989 hearing in the third district court. Defendant, however, neither filed a timely appeal from this hearing nor raised any issue concerning the February 22, 1989 hearing at the June 6, 1989 hearing. Hence, all claims concerning the February 22, 1989 hearing were effectively waived.

■ Defendant concedes that several of his claims are presented for the first time on appeal. However, he argues that the serious procedural defects in his first revocation hearing constitute exceptional circumstances that excuse his failure to raise these issues in the lower court.[5] While it is true that in some circumstances serious procedural defects may constitute exceptional circumstances that will allow a criminal defendant to raise issues for the first time on appeal,[6] this rule does not have application in this case.

Though the defects in the June 23, 1987 revocation hearing may have denied defendant any real opportunity to present his case in the first hearing, he had ample opportunity to present his case in the second revocation hearing on June 6, 1989. There is no claim that the proper procedures were not followed in the second hearing. Defendant was given adequate notice, was represented by counsel, had the opportunity to cross-examine the State's witnesses, and had the opportunity to present his own evidence. In the second hearing, he had the opportunity to present all his arguments, including those arguments contingent on the defects in the original hearing. Since the defects in the first hearing did not deprive him of the opportunity to present his case, these defects are not exceptional circumstances that justify the court's hearing defendant's arguments that have not been properly preserved for appeal.

■ The second major issue in this appeal concerns defendant's contention that the procedural errors in the first revocation hearing were of such magnitude that they bar the second hearing and warrant his release. This contention is contrary to the general rule that procedural defects, no matter how severe, do not usually act as a bar to future proceedings. More specifically, it is well established that the State is not precluded from retrying a criminal defendant after his conviction has been reversed and remanded unless jeopardy attaches in the first proceeding and an appellate court "declares the evidence to be insufficient to sustain a conviction."[7] Although we have not yet explicitly ruled on the issue, case law from other jurisdictions supports the notion that procedural errors in one revocation hearing do not constitute a bar to further hearings.[8] This is consistent with prior holdings where, when we have held a revocation proceeding to be procedurally defective, we have not ordered the defendant released but have remanded the case for further proceedings.[9] The procedural defects in a revocation hearing, therefore, do not act as a bar to further hearings; rather, it is by rehearing the issues, under the correct procedures, that the original defects are cured.

■ In a related claim, defendant argues that due to misconduct on the part of the judge and the prosecutor, the constitutional prohibition against double jeopardy[10] bars the second revocation hearing. Although this issue was not presented in the proceedings below, we are obliged to consider this argument because it is based on a constitutional question and defendant's liberty is at

---

State v. Bywater, 748 P.2d 568, 569 (Utah 1987); State v. Snyder, 747 P.2d 417, 421 (Utah 1987).

5. State v. Steggell, 660 P.2d at 254.

6. 5 Am.Jur.2d Appeal and Error § 548 (1962).

7. State v. Webb, 779 P.2d 1108, 1115 (Utah 1989); see also McNair v. Hayward, 666 P.2d 321, 323–26 (Utah 1983).

8. See United States v. Miller, 797 F.2d 336, 340 (6th Cir.1986); United States v. Whitney, 649 F.2d 296, 297 (5th Cir.1981); People v. Clark, 654 P.2d 847, 848 (Colo.1982).

9. See State v. Cowdell, 626 P.2d 487, 488 (Utah 1981).

10. See U.S. Const. amend. V; Utah Const. art. I, § 12.

stake.[11] This claim, however, is without merit. Defendant bases his argument on a narrow exception to the rule that double jeopardy does not bar the retrial of a criminal defendant after a mistrial. He relies upon a line of cases holding that when a judge or prosecutor intentionally provokes a mistrial the defendant may not be retried,[12] none of which have application to the facts of this case.

 The remaining issue presented on appeal is defendant's claim that his probation was not properly revoked following the second hearing. He first contends that the trial court did not have jurisdiction to revoke his probation because it had automatically terminated. He bases his argument on Utah Code Ann. § 77–18–1(10)(a) (Supp. 1985),[13] which provides for automatic termination of probation after an eighteen-month probation period and on our decision in *State v. Green*.[14] In *Green*, we held that a trial court lacks the authority to revoke probation after the expiration of the eighteen-month probation period even if the violation occurred during the probation period.[15]

This case, however, is distinguishable from *Green*. In this case, defendant was taken into custody after serving only thirteen months on probation. Section 77–18–1(11)(a) states that any "time spent in confinement awaiting a hearing of decision concerning revocation of probation does not constitute service of the term of probation except in the case of exoneration at the hearing." Since at no point in the proceeding was defendant exonerated, the time he spent in confinement does not constitute service of his probation. It follows that at the June 6, 1989 hearing, defendant had only served thirteen months of probation, and therefore, his probation had not automatically terminated.

 Defendant argues that because of the defects in his first hearing, section 77–18–1(11)(a) should not apply to his case and the time he spent in prison should constitute service of probation. He does not offer any authority for this position but rather argues that to hold otherwise would result in an unauthorized extension and modification of his probation and place him in a "perpetual state of limbo." This argument, however, is contrary to the clear language of the statute. Suspension of probation during the time a person is in custody awaiting a revocation hearing is expressly authorized by section 77–18–1(11)(a). Moreover, defendant's emphasis on the initial revocation hearing is misplaced. Whether the time a person spends in confinement will constitute service of probation is contingent, not on the initiation of a properly conducted hearing, but on the final determination of the revocation proceedings. Furthermore, suspension of

11. *See State v. Breckenridge,* 688 P.2d 440, 443 (Utah 1983); *Pratt v. City Council of Riverton,* 639 P.2d at 174.

12. *See State v. Trafny,* 799 P.2d 704, 709–710 (Utah 1990); *State v. Jones,* 645 P.2d 656, 657 (Utah 1982); *see also Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547 (1971).

13. Utah Code Ann. § 77–18–1 (Supp.1985) has been substantially amended. At the time defendant was placed on probation, the statute in effect read in pertinent part:

(10)(a) Upon completion without violation of 18 months probation in felony or class A misdemeanor cases, or six months in class B misdemeanor cases, the offender shall be terminated from sentence, unless the person is earlier terminated by the court.

. . . .

(11)(a) All time served on probation by any person without violation applies to service of the total term of probation but does not preclude the requirement of serving 18 months without violation in felony or class A misdemeanor cases, or six months in class B misdemeanor cases. Any time spent by a person outside of confinement after commission of a probation violation does not constitute service of the total term unless the person is exonerated at a hearing to revoke the probation. Any time spent in confinement awaiting a hearing of decision concerning revocation of probation does not constitute service of the term of probation except in the case of exoneration at the hearing, in which case the time spent shall be included in computing the total probation term.

14. 757 P.2d 462 (Utah 1988).

15. *Id.* at 464–65.

the period of probation during the time a person is in confinement awaiting a revocation hearing does not place that person in a state of perpetual limbo. Suspension of probation only occurs when a person's probation is revoked, and the suspension only lasts until the revocation proceedings are completed. It is true that the suspension will last longer in a situation where, because of procedural defects in the initial hearing, a second revocation hearing is warranted. This fact alone, however, is insufficient to counteract the explicit language of section 77–18–1(11)(a).

■ Defendant also contends that the evidence presented at the June 6, 1989 revocation hearing was insufficient to show that he had violated his probation. The decision to grant, modify, or revoke probation is in the discretion of the trial court.[16] Therefore, in order to succeed in this claim, defendant must show that the evidence of a probation violation, viewed in a light most favorable to the trial court's findings,[17] is so deficient that the trial court abused its discretion in revoking defendant's probation. A review of the record, however, shows that there is ample evidence of a probation violation.

A condition of probation was that defendant should enter and successfully complete the Fremont Center's Incest Offender's Program. The fact that he failed to complete this program is uncontested. In addition, the State presented evidence, at the June 6, 1989 hearing, that defendant had failed to progress in the program and had failed to cooperate with his therapists. The only evidence that defendant presented was his testimony that he made a good faith attempt to complete his program and only refused to participate in certain aspects of his therapy. Under the facts of this case, the trial judge did not abuse his discretion in revoking defendant's probation.

We have considered the other contentions raised by defendant and have found them to be without merit. Affirmed.

**16.** *See State v. Green,* 757 P.2d at 463–64; *State v. Cowdell,* 626 P.2d at 488; Utah Code Ann. § 77–18–1 (Supp.1985).

HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

**17.** *College Irr. v. Logan R. & Blacksmith Fork Irr.,* 780 P.2d 1241, 1244 (Utah 1989).