**STATE of Utah, Plaintiff and Appellee,**

v.

**David PETERSON, Defendant and Appellant.**

No. 930132–CA.

Court of Appeals of Utah.

Feb. 15, 1994.

Robert K. Heineman (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., Martin Decker, Asst. Atty. Gen. (argued), Salt Lake City, for plaintiff and appellee.

Before BILLINGS, DAVIS and JACKSON, JJ.

## OPINION

BILLINGS, Presiding Judge:

Defendant/appellant David Peterson was convicted of theft, a second degree felony, in violation of Utah Code Ann. § 76-6-404 (1990). Defendant appeals from a subsequent order revoking his probation and imposing a one-year sentence at the Salt Lake County Jail. We affirm the revocation of probation but remand for clarification and possible correction of defendant's sentence.

On August 3, 1988, a jury convicted defendant of theft. He was sentenced to one to fifteen years at the Utah State Prison. The court stayed execution of the sentence and imposed an eighteen-month probationary period. As part of his probation, defendant was required to: (1) comply with the normal and usual conditions required by Adult Probation and Parole (AP & P); (2) serve one year in the Salt Lake County Jail with credit given for time served; (3) pay a fine of $1500 and restitution of $5300 at the rate of $100 per month beginning in September 1991; and (4) undergo a mental health evaluation.

Thereafter, on three separate occasions, defendant violated the terms of his probation. First, he left the state without permission of his parole officer and was arrested in Albuquerque, New Mexico for auto theft. After an order to show cause hearing, held on April 13, 1990, the court revoked defendant's probation and reinstated the same probationary period under the original conditions. However, the court imposed an additional thirty-day jail term as part of the reinstated probation.

On July 8, 1991, AP & P filed an affidavit in support of an order to show cause. Following a second revocation hearing, the trial court again revoked probation and placed defendant on house arrest for sixty days. The court reinstated probation for eighteen months under the original terms and ruled that defendant's probation would terminate when he paid restitution in full.

Finally, on September 11, 1992, AP & P filed a third progress/violation report and affidavit in support of an order to show cause. At a hearing on January 29, 1993, AP & P alleged that defendant failed to maintain and provide proof of full-time verifiable employment, to make adequate payments toward his fine and restitution, and to provide proof that he completed a mental health evaluation.

Evidence at the revocation hearing revealed that defendant occasionally had been employed at two temporary agencies from October 1992 through August 1993. From August 1991 until about August 1992, defendant was self-employed in an art sales business. Defendant had no income in 1988, grossed $5000 in both 1989 and 1990, and grossed $10,000 in 1991 but claimed a business loss of $3000. Defendant was also required to pay $600 in 1991 for electronic supervision and $1000 in 1992 to obtain a commercial driver's license. As a result, de-

fendant claimed he could neither meet his financial obligations nor make restitution payments.

After taking evidence, the court made the following oral findings: (1) self-employment did not constitute full-time employment; (2) defendant failed to maintain verifiable, lawful, full-time employment; (3) defendant failed to make regular payments on his fine and restitution; and (4) defendant completed the mental health requirement. Based on these findings, the court revoked defendant's probation and imposed a one-year term in the Salt Lake County Jail.

On appeal, defendant claims the trial court erred in revoking his probation for his failure to maintain verifiable, full-time employment and to pay his fine and restitution, as his noncompliance with these conditions was not willful. The State responds that the revocation of probation was proper but that the trial court imposed an illegal sentence.

### PROBATION REVOCATION

■ "The decision to grant, modify, or revoke probation is in the discretion of the trial court." *State v. Jameson*, 800 P.2d 798, 804 (Utah 1990); *accord State v. Archuleta*, 812 P.2d 80, 82 (Utah App.1991). Thus, in order to prevail in this case, defendant "must show that the evidence of a probation violation, viewed in a light most favorable to the trial court's findings, is so deficient that the trial court abused its discretion in revoking defendant's probation." *Jameson*, 800 P.2d at 804 (footnote omitted); *Archuleta*, 812 P.2d at 82. Moreover, a trial court's finding of a probation violation is a factual one and therefore must be given deference on appeal unless the finding is clearly erroneous. *State v. Martinez*, 811 P.2d 205, 208–09 (Utah App. 1991).

■ Defendant claims the trial court erred in revoking his probation because his failure to maintain full-time employment and pay his fine and restitution was not willful.

We agree that in order for a trial court to revoke probation based on a probation violation, the court must determine by a preponderance of the evidence that the violation was willful. *Archuleta*, 812 P.2d at 84; *accord State v. Ruesga*, 851 P.2d 1229, 1232 (Utah App.1993); *State v. Hodges*, 798 P.2d 270, 277 (Utah App.1990). In *Archuleta*, this court clarified that a finding of willfulness "merely requires a finding that the probationer did not make *bona fide* efforts to meet the conditions of his probation." *Archuleta*, 812 P.2d at 84 (emphasis added). *Archuleta* also stands for the proposition that the word "willful" should not be equated with the word "intentional." *Id.*

■ The trial court entered oral findings in support of its decision that defendant willfully violated his probation by failing to secure full-time employment.[1] At the probation revocation hearing on January 29, 1993, the court specifically found that

> full-time employment doesn't mean going out and starting your own business where you're the boss. The reason you get full-time employment for people who have completed felonies is because they can't run their own lives. And he had no authority from anybody to do that.
>
> . . . [E]ven if he had, he did not continue with full-time employment and hasn't had full-time employment at all during this whole—the whole situation. He's worked off and on and done what he's wanted to do.

Based upon the court's findings and the undisputed facts in the record, and despite the court's failure to use the precise legal terminology, we conclude that the defendant did not make "bona fide efforts" to maintain full-time employment.

■ Defendant next claims that the court's finding of willful financial non-compliance was in error. Defendant argues that the United States Supreme Court decision in

---

1. In reliance on Utah Code Ann. § 77–18–1(9)(e) (1990), this court has held that "written findings of fact are not necessary in every judicial probation revocation. A complete trial court record and transcript can suffice in lieu of written findings." *State v. Hodges*, 798 P.2d 270, 274 (Utah App.1990). However, since the main purpose of findings of fact is to enable the reviewing court to accurately determine the basis for the trial court's decision, the oral findings contained in the record must be clear and state the precise factual basis for those findings. *Id.*

*Bearden v. Georgia,* 461 U.S. 660, 668–69, 103 S.Ct. 2064, 2070–71, 76 L.Ed.2d 221 (1983), insulates him from probation revocation because, like the defendant in *Bearden,* he did not have the money to pay his fine or restitution. The Supreme Court stated "[i]f the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment." *Id.* at 672, 103 S.Ct. at 2073. However, defendant's interpretation of the Court's holding fails to take into account the requirement of bona fide efforts. In *Bearden,* the Court also stated that "[i]f the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority." *Id.*

The trial court found that there was "no doubt about the fact [defendant] has not paid toward his fine on any kind of regular basis and he hasn't attempted to. And the same thing is true of restitution." The evidence revealed that over a four- and one-half-year period, defendant had only paid $1290 of the total $7175 due. We agree with the trial court that defendant did not make bona fide efforts to pay his obligations.

We cannot say that the finding of a probation violation under the facts and circumstances of this case was clearly erroneous.[2] Therefore, we affirm the trial court's revocation of defendant's probation.

## SENTENCING

After revoking defendant's probation, the trial court sentenced defendant to a one-year term in the Salt Lake County Jail, with no credit for time served. The sentencing order states: "It is hereby ordered, that [defendant] serve one (1) year in jail with no credit for time served.... Probation is ordered terminated." The State argues that this constitutes an illegal sentence because the proper sentence for a second degree felony is one to fifteen years, as specified in Utah Code Ann. § 76–3–203(2) (1990). Defendant responds that this is not an illegal sentence because the trial court simply intended to reinstate the original terms of defendant's probation with the additional requirement of one year in jail.[3]

In this case, it is not clear whether the trial court imposed an illegal sentence. The written order declares that defendant's probation is terminated and not reinstated. However, the court's findings on the record are unclear as to whether probation was reinstated. We cannot determine the trial court's intentions from the order or from the record. Thus, we remand this case to the trial court to clarify the sentence. If the court intended to revoke probation and reinstate defendant's sentence, the sentence must be corrected to one to fifteen years at the Utah State Prison. If the court instead intended to reinstate a probationary period of one year to be served in the county jail, the court's order should make this clear.

## CONCLUSION

Defendant's failure to make bona fide efforts to maintain full-time, verifiable employment and to pay his fine and restitution constitutes a willful violation of his probation

2. It is noteworthy that the instant proceeding was the result of defendant's third probation violation. Defendant's prior behavior on probation certainly supports the trial court's finding that defendant failed to make bona fide efforts to successfully complete probation.

3. Defendant also argues that even if the court did impose an illegal sentence, the State may not raise the issue for the first time on appeal. *See Turtle Management, Inc. v. Haggis Management, Inc.,* 645 P.2d 667, 672 (Utah 1982); *State v. Scheel,* 823 P.2d 470, 473 (Utah App.1991). However, Rule 22(e) of the Utah Rules of Criminal Procedure states that "[t]he court may cor-

rect an illegal sentence, or a sentence imposed in an illegal manner, at any time." Moreover, as discussed in *State v. Babbel,* 813 P.2d 86 (Utah 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992), the Utah Supreme Court "has previously recognized the continuing jurisdiction of a trial court to correct an illegal sentence.... The trial court has this power at any time, whether before or after an appeal, and even if there is no appeal." *Id.* at 88. The rationale for the court's continuing jurisdiction is that, because an illegal sentence is void, it creates no rights and neither impairs nor affects any rights. *Id.*

agreement. Therefore, we affirm the trial court's probation revocation. However, the court's one-year jail sentence may be illegal. Thus, we remand for clarification and/or correction of defendant's sentence.

DAVIS and JACKSON, JJ., concur.