1999 UT App 270

**STATE of Utah, Plaintiff and Appellee,**

v.

**John Paul PIZEL, Defendant
and Appellant.**

No. 981684–CA.

Court of Appeals of Utah.

Sept. 30, 1999.

Martin V. Gravis, Weber Public Defenders Association, Ogden, for Appellant.

Jan Graham, Atty. Gen., Norman E. Plate, and Scott Keith Wilson, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, DAVIS, and JACKSON, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Defendant John Paul Pizel appeals the order of the trial court finding that he violated the terms of his probation, revoking and reinstating that probation, and imposing two concurrent sixty-day jail terms. Pizel argues that evidence of the violation was obtained in contravention of his constitutional rights. We affirm.

## BACKGROUND

¶ 2 In 1996, Pizel pleaded guilty to a class A misdemeanor charge of attempting to alter a prescription for a controlled substance, received a suspended sentence, and was placed on probation. Pizel subsequently violated the terms of this probation by possessing a firearm and failing to complete substance abuse treatment. He eventually admitted the probation violation and pleaded guilty to the separate charge of possession of a dangerous weapon by a restricted person, a third-degree felony. For this probation violation and conviction, the court again imposed suspended sentences and placed Pizel on probation, the terms of which included that Pizel "submit to search, seizure and chemical testing."

¶ 3 During one of his monthly visits to his probation officer, Pizel was required to submit to a urinalysis to verify he had not used controlled substances. The State stipulated that the probation officer had no reasonable suspicion on which she based her request for the urinalysis. Pizel's urine tested positive for the presence of methamphetamine and marijuana and the probation officer filed affidavits with the court alleging that Pizel had violated his probation. Pizel filed a motion to suppress, arguing that because the probation officer lacked a reasonable suspicion, the urinalysis was obtained in violation of his Fourth Amendment rights and should be excluded. After a hearing, the trial court denied the motion, concluding that because Pizel was a probationer, no reasonable suspicion was necessary before requiring the urinalysis. The court then found that Pizel had violated the terms of probation, revoked and reinstated probation, imposed a suspended

sentence, and ordered Pizel to serve sixty days. Pizel now appeals.

## ANALYSIS

█ ¶ 4 Pizel argues the trial court erred in denying his motion to suppress because the urinalysis was obtained in violation of his rights under the Fourth Amendment to the United States Constitution.[1] The State argues that no reasonable suspicion was required and that even if the urinalysis was obtained through a Fourth Amendment violation, we should affirm the trial court's denial of the motion to suppress because the federal exclusionary rule does not apply to probation revocation proceedings.

█ ¶ 5 This case presents the same issue decided today in *State v. Jarman*, Case No. 981648, 1999 Utah App 269, 987 P.2d 1284. As we discussed in *Jarman*, the United States Supreme Court decision in *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998), that the federal exclusionary rule does not apply in parole violation proceedings, also encompasses probation revocation proceedings. Consequently, even assuming Pizel's urinalysis was obtained in violation of the Fourth Amendment, because the test results were admissible below, the trial court properly denied Pizel's motion to suppress.[2] Accordingly, for the reasons set forth in *Jarman*, we affirm.

¶ 6 WE CONCUR: RUSSELL W. BENCH, Judge, and NORMAN H. JACKSON, Judge.

---

1. Although Pizel also claims that the urinalysis violated his rights under Article I, Section 14 of the Utah Constitution, he has provided no independent authority, analysis, or argument. Consequently, we do not consider this claim. *See State v. Brandley*, 972 P.2d 78, 81 n. 3 (Utah Ct.App.1998); *State v. Bean*, 869 P.2d 984, 989 (Utah Ct.App.1994).

2. Because we may affirm the trial court's order on any legal ground apparent from the record, it is of no consequence that the trial court denied Pizel's motion on other grounds. *See Orton v. Carter*, 970 P.2d 1254, 1260 (Utah 1998).