1999 UT App 269

**STATE of Utah, Plaintiff and Appellee,**

v.

**John JARMAN, Defendant and Appellant.**

**No. 981648–CA.**

Court of Appeals of Utah.

Sept. 30, 1999.

Martin V. Gravis, Public Defenders Association, Ogden, for Appellant.

Jan Graham, Atty. Gen., Norman E. Plate, and Scott Keith Wilson, Asst. Attys. Gen., Salt Lake City, for Appellee.

Before BENCH, DAVIS, and JACKSON, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Defendant John Jarman appeals the trial court's order denying his motion to suppress, revoking his probation, and requiring Jarman to serve a portion of his previously suspended sentence for violating terms of his probation. Jarman argues that evidence of the probation violation was obtained in contravention of his constitutional rights. We affirm.

## BACKGROUND

¶ 2 The facts here are essentially undisputed. In 1997, pursuant to a plea agreement, Jarman pleaded guilty to three class A misdemeanor counts of unemployment compensation fraud. The trial court imposed a sentence that included one year imprisonment, but suspended the same pending successful completion of probation. In announcing its ruling, the trial court did not describe the specific probation requirements with which Jarman must comply, intending instead that Jarman execute a standard probation agreement. The agreement Jarman executed included the requirement that he "[a]bstain from the illegal use, possession, control, delivery, production, manufacture or distribution of controlled substances . . . and submit to tests of breath or body fluids to ensure compliance with the probation agreement." The trial court later found this provision to have been included in its original order.

¶ 3 During one of his monthly visits to his probation officer, Jarman was required to submit to a urinalysis to verify that he had not used controlled substances. It is undisputed that the officer lacked any reasonable suspicion that Jarman had violated the probation terms. Jarman's urine tested positive for cocaine, and the probation officer subsequently filed an affidavit with the court alleging the probation violation. The trial court issued an order to show cause and held a hearing during which Jarman denied the allegations. Jarman also moved to suppress the results of the urinalysis, arguing that the test violated his right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution. The trial court denied the motion to suppress, concluding that the probation officer needed no reasonable suspicion to obtain the urinalysis, revoked and reinstated Jarman's probation, and ordered him to serve

part of his suspended sentence. Jarman appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 Jarman argues the trial court erred in denying his motion to suppress, first, because the urinalysis was obtained in violation of his rights under the Fourth Amendment to the United States Constitution[1] and, second, because the probation agreement authorizing such a test was an impermissible modification of the probation order. "We review the factual findings underlying the trial court's decision to grant or deny a motion to suppress under a clearly erroneous standard, and review the legal conclusions for correctness." *State v. Parra*, 972 P.2d 924, 926 (Utah Ct.App.1998); *see State v. Brandley*, 972 P.2d 78, 81 (Utah Ct.App.1998).

## CONSTITUTIONALITY OF THE URINALYSIS

¶ 5 Jarman argues that the urinalysis was obtained through an unreasonable search in violation of his Fourth Amendment rights. The State, however, correctly points out that even assuming an unreasonable search, the trial court correctly denied Jarman's motion to suppress if the exclusionary rule does not apply. *See In re A.R.*, 982 P.2d 73, 78–79 (Utah 1999) (declining to address constitutionality of search where it held the exclusionary rule did not apply).[2]

¶ 6 The State argues that the federal exclusionary rule does not apply to probation revocation proceedings, relying chiefly on *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998). In *Scott*, the Supreme Court held that the exclusionary rule to the Fourth Amendment does not apply to parole violation proceedings. *See* 118 S.Ct. at 2022. The Court reiterated that the exclusionary rule is not a constitutional right per se, but rather a judicially created mechanism to deter unreasonable searches and seizures. *See id.* at 2019–20. The Court then compared the deterrence benefits against the social costs of the exclusionary rule and concluded that because the costs outweigh the benefits in the context of parole revocations, the exclusionary rule does not apply in those proceedings. *See id.* at 2020–22. In particular, the Court noted that parole officers "are undoubtedly aware that any unconstitutionally seized evidence that could lead to an indictment could be suppressed in a criminal trial." *Id.* at 2022. Hence, the Court concluded that the marginal deterrence gained from applying the exclusionary rule in the narrow area of parole revocations did not justify the particularly high costs of excluding reliable, probative evidence and "allow[ing] many who would otherwise be incarcerated to escape the consequences of their actions." *Id.* at 2020–22.

¶ 7 The State argues that *Scott* applies equally in the context of probation revocation proceedings. We agree. Consistent with *Scott*, the Utah Supreme Court recently held that the exclusionary rule does not apply where the social costs outweigh the benefit of deterrence. *See In re A.R.*, 982 P.2d 73, 368 Utah Adv. Rep. at 35 (holding that the exclusionary rule does not apply to child protection proceedings). Like the Pennsylvania proceeding at issue in *Scott*, Utah probation revocation proceedings are civil in nature. *See State v. Hudecek*, 965 P.2d 1069, 1071 (Utah Ct.App.1998). Further, because the acts constituting a probation violation could also give rise to a criminal prosecution, the exclusionary rule's application to criminal prosecutions already deters unreasonable searches and seizures of probationers. *See Scott*, 118 S.Ct. at 2022. Finally, courts generally recognize the similarity between probation and parole proceedings and have

---

1. Although Jarman also claims that the urinalysis violated his rights under Article I, Section 14 of the Utah Constitution, he has provided no independent authority, analysis, or argument. Consequently, we do not consider this claim. *See State v. Brandley*, 972 P.2d 78, 81 n. 3 (Utah Ct.App.1998); *State v. Bean*, 869 P.2d 984, 989 (Utah Ct.App.1994).

2. Although the trial court made no ruling on the applicability of the federal exclusionary rule, we may rest our decision on that basis because "an appellate court may affirm a 'judgment, order, or decree appealed from if it is sustainable on any legal ground or theory apparent on the record,' even though that ground or theory was not identified by the lower court as the basis of its ruling." *Orton v. Carter*, 970 P.2d 1254, 1260 (Utah 1998) (citation omitted).

treated them uniformly, *see, e.g., Gagnon v. Scarpelli*, 411 U.S. 778, 782 & n. 3, 93 S.Ct. 1756, 1759–60 & n. 3, 36 L.Ed.2d 656 (1973) ("Petitioner does not contend that there is any difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation, nor do we perceive one."); *State v. Byington*, 936 P.2d 1112, 1116 n. 2, 1117 (Utah Ct.App.1997) (noting that parole and probation proceedings are distinct but "discuss[ing] precedent relevant to both, interchangeably" and applying due process analysis from parole proceedings to probation revocation proceedings); *State v. Martinez*, 811 P.2d 205, 209–10 (Utah Ct.App.1991) (applying requirement from the parole context—that a dwelling search must be predicated on a reasonable suspicion—to the search of a probationer), and Jarman has demonstrated no distinction in this case justifying disparate treatment. Consequently, we conclude that we are bound by *Scott* in this case, that the exclusionary rule to the Fourth Amendment does not apply in the context of probation revocation proceedings, and hence the trial court correctly denied Jarman's motion to suppress.

## MODIFICATION OF PROBATION TERMS

■ ¶ 8 Jarman further argues that the court should have suppressed the urinalysis because it was obtained pursuant to the probation agreement, which agreement was an unauthorized modification of the court-ordered probation terms.[3] However, although the trial court noted that it "did not expressly delineate each of the terms of probation," it found that implicit in its original order was that Jarman would enter into a standard probation agreement with standard terms, that Jarman did in fact enter such a standard agreement, and that drug testing through urinalysis was a part thereof.[4]

■ ¶ 9 Jarman's argument on this point consists only of an assertion that there was no hearing or waiver as required for a probation modification. He thus ignores the court's conclusion that in fact no modification occurred and hence there was no need for a hearing or waiver. Consequently, as the State points out, Jarman has failed to show that the court's factual findings are clearly erroneous. *See State v. Benvenuto*, 983 P.2d 556, 558 (Utah 1999) ("Because [defendant] has made no attempt to marshal the evidence supporting the trial court's decision and demonstrate that such evidence is insufficient to support the court's findings of fact, we accept the trial court's findings as stated in its ruling."); *Martinez*, 811 P.2d at 208–09 (stating that to overcome the clearly erroneous standard, the appellant must show the findings were " 'against the clear weight of the evidence' " when " 'view[ing the evidence] in a light most favorable to the trial court's findings' ") (citations omitted). Because Jarman has utterly failed to meet his burden on appeal, we reject this claim as well.

## CONCLUSION

¶ 10 In sum, the trial court did not err in denying Jarman's motion to suppress. First, even assuming the urinalysis violated Jarman's rights under the Fourth Amendment, the federal exclusionary rule does not apply to probation revocation proceedings. Second, Jarman fails to demonstrate clear error in the trial court's finding that probation was administered as ordered and thus there was no impermissible modification. Accordingly, we affirm the trial court's order.

¶ 11 WE CONCUR: RUSSELL W. BENCH, Judge, and NORMAN H. JACKSON, Judge.

---

**3.** The Utah Code provides, "Probation may not be modified or extended except upon waiver of a hearing by the probationer or upon a hearing and a finding in court that the probationer has violated the conditions of probation." Utah Code Ann. § 77–18–1(12)(a)(i) (Supp.1999).

**4.** Although the requisite written findings of fact by the court on this point are absent from the record, the oral findings in the record are sufficiently clear and describe their factual support such that this court may determine the basis of the trial court's decision. *See State v. Peterson*, 869 P.2d 989, 991 n. 1 (Utah Ct.App.1994).