2013 UT App 299

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Earl NORTHERN, Defendant and Appellant.**

**No. 20120904–CA.**

Court of Appeals of Utah.

Dec. 27, 2013.

---

Richard G. Sorenson, Salt Lake City, for Appellant.

Padma Veeru–Collings and Michelle L. Diamond, Salt Lake City, for Appellee.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶ 1 Defendant Earl Northern appeals his conviction of assault with a domestic violence enhancement, a class A misdemeanor, following the revocation of his plea in abeyance. Northern contends that the district court erred in determining, after an evidentiary hearing, that he committed a new violation of the law that constituted a breach of the requirements of his plea in abeyance agreement. We affirm.

¶ 2 Utah Code section 77–2a–4(1) states,

> If, following an evidentiary hearing, the court finds that the defendant has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction and impose sentence against the defendant for the offense to which the original plea was entered.

Utah Code Ann. § 77–2a–4(1) (LexisNexis 2012). The decision to grant, modify, or revoke probation is in the discretion of the trial court. *See State v. Peterson,* 869 P.2d 989, 991 (Utah Ct.App.1994); *see also State v. Martin,* 2012 UT App 208, ¶ 16, 283 P.3d 1066 (applying an abuse of discretion standard to a decision to revoke a plea in abeyance and enter a guilty plea).

¶ 3 One condition of the plea in abeyance agreement was that Northern commit no new violation of law. Revocation of the plea in abeyance was based upon an order to show cause alleging commission of an assault. Northern argued in the district court that although he had been charged, he had not been convicted on the new charge. However, Northern conceded that a conviction was not necessary to support a violation of the plea in abeyance agreement.[1] Northern contends that the district court abused its discretion in finding that he violated the plea in abeyance agreement by committing a new violation of the law because he claims that finding was not supported by sufficient evidence.

¶ 4 Salt Lake City presented its case supporting revocation of the plea in abeyance through two witnesses. The assault victim testified that Northern and a woman came uninvited to the home where the victim resided with her mother, her sister, and her sister's child. The victim asked them nicely to leave. When they did not comply, the victim testified that she yelled at them to get off her property and pointed with her finger. She testified that Northern grabbed her finger and bent it backward, then grabbed her by the hair, yanking her to the ground and pulling a clump of hair from her head. The hair was introduced as evidence. The victim also testified that she suffered a badly sprained finger that required her to wear a finger cast and that she had a displaced bone in her neck as a result of the assault. She testified that she scratched Northern's face as she fell. The victim's mother testified that she lived at the residence where the events occurred and witnessed the interaction between the victim and Northern. She

---

1. We held in *Layton City v. Stevenson,* 2013 UT App 67, 298 P.3d 1267, *cert. granted,* 304 P.3d 469 (Utah, June 21, 2013), that "[t]he phrase 'violation of law' is not limited to proof solely by means of a conviction" and "may be supported by evidence of misconduct other than a conviction." *Id.* ¶ 9.

stated that Northern and the woman who accompanied him were not invited to the residence on the date in question. She testified that she was right behind the victim when the victim answered the door and told them to leave. After Northern ignored the victim, the victim yelled at him. The victim put her finger out, and Northern grabbed it and bent it back, after which the victim got "flipped backwards." The victim's mother testified that Northern yanked the victim's hair. She stated that she had memory problems but that her recollection was refreshed somewhat by reviewing her contemporaneous statement to the police.

¶ 5 The defense presented the testimony of the woman who accompanied Northern to the residence (the defense witness). She testified that she and Northern were invited to the home by the victim's sister, that the victim came to the door and yelled at them to leave using vulgar language, that Northern acted in self defense after the victim lunged at him, that the victim was flailing around and fell, and that Northern was "nowhere near her." The defense witness testified both that Northern was trying to stop the victim from attacking them when he got tangled in her hair and that he was trying to prevent the victim from injuring herself. She also testified that the victim pulled her own hair out and threatened to kill Northern. On cross-examination, the defense witness denied that she had ever been the victim of domestic violence perpetrated by Northern. She did so despite being the victim of the offense that was the subject of the plea in abeyance and having made reports of domestic violence involving Northern.

¶ 6 Northern's claim that the decision to revoke the plea in abeyance was not supported by sufficient evidence necessarily involves a challenge to the district court's specific finding that the City's witnesses were credible and the defense witness was not credible. Northern's claim that the victim's testimony was "inherently improbable" and not credible is based upon an assertion that the defense witness was a more reliable and credible witness. "[W]e accord deference to the trial court's ability and opportunity to evaluate credibility and demeanor."

*State v. Davie,* 2011 UT App 380, ¶ 18, 264 P.3d 770 (citation and internal quotation marks omitted). "[B]ecause the trial court had the opportunity to view these witnesses and weigh their credibility, we defer to its findings unless the record demonstrates clear error." *See id.* If a witness's testimony is inherently improbable, the court may choose to disregard it. *See State v. Robbins,* 2009 UT 23, ¶ 16, 210 P.3d 288. Testimony is inherently improbable if it is physically impossible or apparently false. *See id.* Testimony is apparently false where it "is incredibly dubious," *id.* ¶ 18, or "its falsity is 'apparent, without any resort to inferences or deductions,'" *id.* ¶ 17 (citation omitted). Judged against these standards, we cannot conclude that the district court's findings that the City's witnesses were credible and the defense witness was not credible were clearly erroneous.

¶ 7 The district court's determination that Northern engaged in conduct that violated the plea in abeyance by committing a new violation of the law is supported by sufficient evidence, and the determination was not an abuse of discretion. Accordingly, we affirm.